IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN R. DELLA ROCCA<br>9809 Whetstone Drive<br>Gaithersburg, Maryland 20886,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza SW<br>Washington, DC 20260,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)<br>)  CASE NO. 1:22-cv-786<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Plaintiff Brian R. Della Rocca, for his Complaint against Defendant United States Postal Service ("USPS" or "Postal Service"), states as follows:

## **INTRODUCTION**

1. The Freedom of Information Act (the FOIA), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2. The people must know what the government is doing. "Open government has been recognized as the best insurance that government is being conducted in the public interest."[1] Our Founding Fathers' commitment to open government and the public's right to information can be seen in the First Amendment, which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give

---

[1] *Am. Fed'n of Gov't Emp.'s v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).
[2] *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (overturned on other grounds).

meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974).

3. This is an action brought pursuant to the FOIA to compel the Postal Service to produce records responsive to an outstanding FOIA request originally submitted on January 3, 2022.

4. Since the date the FOIA request was received, 54 days not including weekends and federal holidays have lapsed. The Postal Service has failed to meet the statutory deadline for its response in the form of a determination to the FOIA request dated January 3, 2022 and received by the Postal Service that same day, because it failed to respond within 30 days (not including weekends and federal holidays). *See* 5 U.S.C. § 552(a)(6)(A)(i) (providing that the Postal Service has 20 days excluding weekends and federal holidays to provide a determination); *see also* 5 U.S.C. §552(a)(6)(B)(i) (allowing the Postal Service to request a ten-day extension).

5. Accordingly, this lawsuit is being filed to compel the Postal Service to comply with the FOIA.

## **THE PARTIES**

6. Plaintiff is a U.S. citizen and an attorney with an interest in seeing the Postal Service improve its processes.

7. Defendant Postal Service is a federal agency headquartered in Washington, D.C. On information and belief, Defendant has possession, custody, and control of the records to which access is sought.

**JURISDICTION AND VENUE**

8. This lawsuit is being brought pursuant to the FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in District of Columbia, and 28 U.S.C. § 1331 because the resolution of disputes under the FOIA presents a federal question.

9. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

**FACTUAL BACKGROUND**

10. On January 3, 2022, a FOIA request was submitted to the Postal Service (the "FOIA Request").

11. The FOIA request sought, among other things, cargo information (manifests, weights, types of cargo, etc.) relating to specifically identified contracts during a specifically identified period of time.

12. Specifically, in the FOIA Request, the following records were sought:

> All requests below relate to the following listed contracts during the period from October 16, 2020 to October 21, 2020:
>
> Contract 11736
> Contract 17014
> Contract 001A1
> Contract 117QJ
>
> Request 1: Complete copies of all contracts.
>
> Request 2: Any and all activity records/reports relating to the above contracts.
>
> Request 3: Any and all cargo information (manifests, weights, types of cargo, etc.) relating to each contract

> Request 4: Any and all administrative notes relating to any of the above contracts
>
> Request 5: Any and all billing information relating to the above contracts (for work done within the time shown above, if any).

13. In an email dated January 4, 2022, the Postal Service acknowledged its receipt of the FOIA Request and assigned it tracking number 2022-FPRO-00830.

14. On January 5, 2022, the Postal Service forwarded the FOIA Request to an official having jurisdiction over the subject matter of my request in Transportation Strategy.

15. On January 20, 2022, a partial response was received from the Postal Service with a statement that a portion of the claim is overly broad ("Partial Response-Overly Broad Letter").

16. On February 7, 2022, the requester responded to the overly broad letter clarifying the FOIA request in an attempt to narrow down what was sought ("Clarification Letter").

17. In the Clarification Letter, the requester identified a concern with a portion of the Partial Response-Overly Broad Letter as follows:

> I believe you are in error relating to #3 of my request. This information had been requested by my client, Mr. Doyle, in the past but he was told that cargo manifests are only maintained for 30 days. However, I have now been told that cargo manifests are only maintained for 90 days. There is obviously some confusion which is why I am renewing my request.

18. Requester did not receive a response.

19. At the time of this Complaint, 54 days, excluding weekends and federal holidays, have now lapsed since the Postal Service received the FOIA Request on January 3, 2022.

20. As of the date of this Complaint, the Postal Service has failed to (i) respond to the requesters clarification and inquiry dated February 7, 2022, (ii) produce all requested records or

demonstrate that the requested records are lawfully exempt from production, (iii) notify the undersigned requester of the scope of any responsive records USPS intends to produce or withhold and the reasons for any withholdings; or (iv) the undersigned requester that he may appeal any *adequately specific*, adverse determination.

### COUNT I
### (Violation of the FOIA, 5 U.S.C. § 552)

21. Paragraphs 1 through 20 are hereby reallege as if fully stated herein.

22. The Postal Service is in violation of the FOIA.

23. The undersigned requester is being irreparably harmed by the Postal Service's violation of the FOIA and will continue to be irreparably harmed unless the Postal Service is compelled to comply with the FOIA.

24. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 22 C.F.R. 171.11(g), the requester is deemed to have exhausted its administrative remedies with respect to the FOIA Request because the Postal Service was required to make a final determination of the FOIA Request within the time limits set by FOIA. Accordingly, USPS's determination was due by February 15, 2022, at the latest.

25. Because the Postal Service failed to make a final determination on the FOIA Request within the time limits set by the FOIA, the requester is deemed to have exhausted his administrative appeal remedies.

### PRAYER FOR RELIEF

26. Enter an immediate order directing the Postal Service to preserve all records potentially responsive to Request No. 2022-FPRO-00595, and prohibiting the Postal Service, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said request;

27. Enter an order directing the Postal Service to conduct searches for any and all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

28. Enter an order directing the Postal Service to produce, by a certain date, any and all non-exempt records responsive to the FOIA Request and a *Vaughn* index of any responsive records withheld under claim of exemption;

29. Enter an order enjoining the Postal Service from continuing to withhold any and all non-exempt records response to the FOIA Request;

30. Award reasonable attorneys' fees, costs, and expenses; and

31. Grant any and all other relief as this Court deems just and proper.

Respectfully submitted this 22nd day of March, 2022.


By: */s/ Brian R. Della Rocca*
Brian R. Della Rocca
D.C. Bar No. 503459
Compass Law Partners
51 Monroe Street, Suite 408
Rockville, Maryland 20850
Ph: (240) 454-1013
Fax: (301) 740-2297
bdellarocca@compass-law.com

*Attorney for Plaintiff*