IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN R. DELLA ROCCA<br><br>and<br><br>Lawrence W. Doyle<br>128 Byram Shore Drive<br>Greenwich, CT 06830<br><br>and<br><br>John F. Moynihan<br>48 Kenwood Avenue<br>Worcester, MA 01605,<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>   Defendant. | CIVIL ACTION<br><br>CASE NO. <u>1:22-cv-786</u> |

## AMENDED COMPLAINT

Plaintiffs, Brian R. Della Rocca, *pro se*, and Plaintiffs, Lawrence W. Doyle and John F. Moynihan, by and through counsel, for their Complaint against Defendant United States Postal Service ("USPS"), state as follows:

### INTRODUCTION

1. The Freedom of Information Act (the FOIA), 5 U.S.C. § 552, enacted in 1966, provides the public with a right of access to federal agency records.

2. The people must know what the government is doing. "Open government has been recognized as the best insurance that government is being conducted in the public interest."[1] Our Founding Fathers' commitment to open government and the public's right to information can be seen in the First Amendment, which "protects not only the right of citizens to speak and publish, but also to receive information."[2] The FOIA is "an affirmative congressional effort to give meaningful content to constitutional freedom of expression." *See* S. Rep. No. 93-854, at 153-54 (May 16, 1974).

3. This is an action brought pursuant to the FOIA to compel the USPS to produce records responsive to an outstanding FOIA request originally submitted on January 3, 2022.

4. On January 20, 2022, USPS issued a letter including records pertaining to a portion of the records requested, indicating that some records were destroyed pursuant to an alleged 90-day retention policy, and further requesting clarification of certain items.

5. On February 7, 2022, Plaintiff Della Rocca responded to the request for clarification which included an attempt to narrow down the information requested.

6. The original complaint in this matter was filed on March 22, 2022, when the Plaintiff Della Rocca had not received a timely response from the USPS.

7. On April 8, 2022, the USPS finally responded to Plaintiff Della Rocca.

8. Accordingly, this amended Complaint is being filed to update the Court as to the status of the matter and to compel the Postal Service to comply with the FOIA.

---

[1] *Am. Fed'n of Gov't Emp.'s v. Rosen*, 418 F. Supp. 205, 207 (N.D. Ill. 1976).
[2] *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 776 (D.R.I. 1978) (overturned on other grounds).

## THE PARTIES

9. Plaintiff, Brian R. Della Rocca, is a U.S. citizen and an attorney with an interest in seeing the Postal Service improve its processes.

10. Plaintiff, Lawrence W. Doyle, is a U.S. citizen and an advisory consultant with an interest in seeing the Postal Service improve its processes.

11. Plaintiff, John F. Moynihan, is a U.S. citizen and an advisory consultant with an interest in seeing the Postal Service improve its processes.

12. Defendant Postal Service is a federal agency headquartered in Washington, D.C. On information and belief, Defendant has possession, custody, and control of the records to which access is sought.

## JURISDICTION AND VENUE

13. This lawsuit is being brought pursuant to the FOIA. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in District of Columbia, and 28 U.S.C. § 1331 because the resolution of disputes under the FOIA presents a federal question.

14. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## FACTUAL BACKGROUND

15. On January 3, 2022, a FOIA request was submitted by Plaintiff Della Rocca on behalf of all Plaintiffs to the Postal Service (the "FOIA Request").

16. The FOIA request sought, among other things, cargo information (manifests, weights, types of cargo, etc.) relating to specifically identified contracts during a specifically identified period of time.

17. Specifically, in the FOIA Request, the following records were sought:

> All requests below relate to the following listed contracts during the period from October 16, 2020 to October 21, 2020:
>
> Contract 11736
> Contract 17014
> Contract 001A1
> Contract 117QJ
>
> Request 1: Complete copies of all contracts.
>
> Request 2: Any and all activity records/reports relating to the above contracts.
>
> Request 3: Any and all cargo information (manifests, weights, types of cargo, etc.) relating to each contract
>
> Request 4: Any and all administrative notes relating to any of the above contracts
>
> Request 5: Any and all billing information relating to the above contracts (for work done within the time shown above, if any).

18. In an email dated January 4, 2022, the Postal Service acknowledged its receipt of the FOIA Request and assigned it tracking number 2022-FPRO-00595.

19. On January 5, 2022, the Postal Service forwarded the FOIA Request to an official having jurisdiction over the subject matter of Plaintiff Della Rocca's request in Transportation Strategy.

20. On January 20, 2022, a partial response was received from the Postal Service with a statement that a portion of the claim is overly broad.

21. On February 7, 2022, the Plaintiff Della Rocca responded to the overly broad letter clarifying the FOIA request in an attempt to narrow down what was sought ("Clarification Letter").

22. In the Clarification Letter, Plaintiff Della Rocca also Notified the USPS of a discrepancy in the reported "retention policy":

> I believe you are in error relating to #3 of my request. This information had been requested by my client, Mr. Doyle, in the past but he was told that cargo manifests are only maintained for 30 days. However, I have now been told that cargo manifests are only maintained for 90 days. There is obviously some confusion which is why I am renewing my request.

23. On April 8, 2022, the USPS responded to Plaintiff Della Rocca noting that his request is still overly broad and confirmed the inconsistent information relating to the "retention policy" but offered no way to resolve the dispute. Specifically, with regard to the retention policy, the USPS stated:

> With regards to item 3 of your request, your client (Larry Doyle), whom is mentioned in your overly broad letter response dated February 7th, submitted a FOIA request (2021-FPRO-03100) for the same information. In a response letter to that FOIA request, submitted and dated September 15, 2021, Mr. Doyle was informed that those records are only kept for 30 days and there were no records responsive to his request. On November 16, 2021, you submitted an appeal (2022-APP-00036) on behalf of your client, with regards to the FOIA request response. On December 13, 2021, a decision was made to affirm the response to your client's request. Therefore, there are no records in response to item #3 of your request.

24. As of the date of the original Complaint, the Postal Service had failed to (i) respond to the Plaintiff's clarification and inquiry dated February 7, 2022, (ii) produce all requested records or demonstrate that the requested records are lawfully exempt from production, (iii) notify the Plaintiffs of the scope of any responsive records USPS intends to produce or withhold and the reasons for any withholdings; or (iv) the undersigned Plaintiffs that they may appeal any *adequately specific*, adverse determination.

25. This Amended Complaint contends that the USPS continues its failure to provide all requested records but also contends that the USPS has failed to adequately respond to Plaintiff Della Rocca regarding its retention policies and should be compelled to search for responsive records and, if necessary, obtain the responsive records from the contractor who may have those records.

## COUNT I
**(Violation of the FOIA, 5 U.S.C. § 552)**

26. Paragraphs 1 through 25 are hereby reallege as if fully stated herein.

27. The Postal Service is in violation of the FOIA.

28. The Plaintiffs are being irreparably harmed by the Postal Service's violation of the FOIA and will continue to be irreparably harmed unless the Postal Service is compelled to comply with the FOIA.

29. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 39 C.F.R. 265.8, the Plaintiffs are deemed to have exhausted its administrative remedies with respect to the FOIA Request because the USPS was required to provide the complete records requested (unless that information is exempt from release, which, in this case, it is not) and the USPS failed to do so.

30. Because the Postal Service refused to make a final determination on the FOIA Request and further provided the Plaintiffs with conflicting information, the Plaintiffs are deemed to have exhausted his administrative appeal remedies.

## PRAYER FOR RELIEF

A. Enter an immediate order directing the Postal Service to preserve all records potentially responsive to Request No. 2022-FPRO-00595, and prohibiting the Postal Service, its employees, agents, or representatives from transporting, concealing, removing, destroying, or in any way tampering with records potentially responsive to said request;

B. Enter an order directing the Postal Service to conduct searches for any and all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

C.  Enter an order directing the Postal Service to produce, by a certain date, any and all non-exempt records responsive to the FOIA Request and a *Vaughn* index of any responsive records withheld under claim of exemption;

D.  Enter an order directing the Postal Service to notify its contractors to conduct searches for any and all records responsive to the FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA Request;

E.  Enter an order enjoining the Postal Service from continuing to withhold any and all non-exempt records response to the FOIA Request;

F.  Award reasonable attorneys' fees, costs, and expenses; and

G.  Grant any and all other relief as this Court deems just and proper.

Respectfully submitted this 10th day of May, 2022.


By: */s/ Brian R. Della Rocca*
Brian R. Della Rocca
D.C. Bar No. 503459
Compass Law Partners
51 Monroe Street, Suite 408
Rockville, Maryland 20850
Ph: (240) 454-1013
Fax: (301) 740-2297
bdellarocca@compass-law.com

*Pro se,*
*Attorney for Plaintiffs, John F. Moynihan and Lawrence W. Doyle*