UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN R. DELLA ROCCA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> *Defendant*. | Civil Action No. 22-0786 (DLF) |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, the United States Postal Service, ("Defendant"), by and through counsel, hereby responds to the Amended Complaint filed by Plaintiffs, Brian R. Della Rocca, Lawrence W. Doyle, and John F. Moynihan ("Plaintiffs"), which makes claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegation in the Amended Complaint, including the relief sought, is denied except when specifically admitted.

### RESPONSES TO THE NUMBERED PARAGRAPHS[1]

Defendant responds below to the separately numbered paragraphs and demand for relief contained in the Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant responds as follows:

## INTRODUCTION

1. This paragraph consists of Plaintiffs' legal conclusions and characterization of the FOIA statute, to which no response is required.  Defendant respectfully refers the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

2. This paragraph consists of Plaintiffs' legal conclusions and characterization of the statute, to which no response is required.  Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

3. Defendant admits only that Plaintiffs submitted a FOIA request *via* email on January 3, 2022. The remaining allegations contained in Paragraph 3 consists of Plaintiffs' characterization of the action, to which no response is required.  To the extent that a response is required, Defendant denies.

4. Defendant admits that Plaintiffs were provided with a letter dated January 20, 2022. Defendant admits that this response was provided pursuant to the January 3, 2022, FOIA request, despite the typographical errors contained within the letter referring to a June 6, 2021, FOIA request and stating 90 days rather than 30 days.  Defendant admits that with the January 20, 2022, letter, Defendant provided records, with appropriate redactions, in response to Plaintiffs' request for copies of the contracts related to the following contract numbers: 11736, 17014, 001A1, and 117QJ. Defendant admits that the search for documents for Plaintiffs' third request pursuant to the

January 3, 2022, FOIA request for "[a]ny and all cargo information (manifests, weights, types of cargo, *etc.*) relating to each contract did not produce any records because cargo manifests are only maintained for 90 days. Defendant also admits that the January 20, 2022, letter informed Plaintiffs that Defendant found items 2, 4 and 5 of Plaintiffs' request to be overly broad, because records pertaining to transportation contracts are not centrally indexed. To the extent that any allegations remain, they are denied.

5. Defendant admits that Plaintiffs emailed Defendant on February 7, 2022. The remaining allegations are Plaintiffs' characterizations of the email, to which no response is required. Defendant respectfully refers the Court to the February 7, 2022, email for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the regulation. To the extent a response is required, Defendant denies.

6. Defendant admits that Plaintiffs filed this civil action on March 22, 2022. The remaining allegations are denied.

7. Defendant admits that it provided Plaintiffs with a letter dated April 8, 2022. Defendant avers that this was the final agency response. To the extent any allegations remain, they are denied.

8. The allegations contained in Paragraph 8 contain Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, it is denied.

**THE PARTIES**

9. The allegations contained within Paragraph 9 consist of Plaintiffs' characterization of Plaintiff Brian R. Della Rocca, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. The allegations contained within Paragraph 10 consist of Plaintiffs' characterization of Plaintiff Lawrence W. Doyle, which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11. The allegations contained within Paragraph 11 consist of Plaintiffs' characterization of Plaintiff John F. Moynihan, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Defendant admits that the United States Postal Service is an independent agency of the executive branch of the Federal Government. The remaining allegations are denied.

## JURISDICTION AND VENUE

13. Defendant admits that this Court has subject matter jurisdiction under the FOIA, 5 U.S.C. § 552, as limited by the relief available under FOIA.

14. Defendant admits that venue is proper in this judicial district.

## FACTUAL BACKGROUND

15. Defendant admits that it received a FOIA request from Plaintiff dated January 3, 2022. Defendant respectfully refers the Court to the January 3, 2022, FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the FOIA request. Defendant respectfully refers the Court to the FOIA request as the best evidence of its contents and denies any allegations inconsistent therewith.

16. Defendant respectfully refers the Court to the January 3, 2022, FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent with the full text

of the FOIA request. Defendant respectfully refers the Court to the FOIA request as the best evidence of its contents and denies any allegations inconsistent therewith.

17. Defendant respectfully refers the Court to the January 3, 2022, FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the FOIA request. Defendant respectfully refers the Court to the FOIA request as the best evidence of its contents and denies any allegations inconsistent therewith.

18. Admitted. Defendant respectfully refers the Court to the January 4, 2022, email for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the January 4, 2022, email.

19. Admitted.

20. Defendant admits that in a letter dated January 20, 2022, it provided a partial response to Plaintiffs for the January 3, 2022, FOIA request. Defendant admits that in response to Plaintiffs' claims 2, 4, and 5, it informed Plaintiffs that the allegations were overly broad stating that "records regarding transportation contracts are not centrally indexed." To the extent any allegations remain, they are denied.

21. Defendant admits that it received a February 7, 2022, email from Plaintiffs. Defendant respectfully refers the Court to the February 7, 2022, email for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the February 7, 2022, email.

22. The allegations contained within Paragraph 22 consist of Plaintiffs' characterization of its February 7, 2022, email, to which no response is required. Defendant respectfully refers the Court to the February 7, 2022, email for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the February 7, 2022, email.

23. Defendant admits that it provided Plaintiffs with the agency final response, dated April 8, 2022. Defendant admits that its position is that Plaintiffs' requests 2, 4, and 5 remain overly broad. Defendant respectfully refers the Court to the April 8, 2022, agency final response for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the April 8, 2022, agency final response. Defendant avers that the 90-day time-period noted in the January 20, 2022, letter was a typographic error.  Defendant further avers that the retention period for cargo manifests is 30 days. Defendant denies that there is a necessity to resolve any discrepancy regarding the 30 or 90-day retention period for cargo manifest data, because be it 30 or 90 days, no records would have existed when the first FOIA request for those records came in from Plaintiff Doyle on August 30, 2021, as the time-period requested is October 19, 20, and 21 of 2020. To the extent that any allegations remain, they are denied.

24. The allegations for Paragraph 24 consist of legal and factual conclusions, to which no response is required. To the extent a response is required, it is denied.

25. The allegations for Paragraph 25 consist of legal and factual conclusions, to which no response is required. To the extent a response is required, it is denied.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

26. Defendant's responses to paragraphs 1-25 are hereby incorporated by reference as if set forth fully herein.

27. Denied.

28. Denied.

29. The allegations in Paragraph 29 consist of legal conclusions to which no response is required. To the extent a response is required, it is denied.

30. Denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contain their request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested—or any—relief.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Defendant raises the following affirmative defenses:

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of records protected from disclosure by one or more of the exemptions to FOIA. 5 U.S.C. § 552(b).

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA. 5 U.S.C. § 552.

## THIRD DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

## FOURTH DEFENSE

Any information that Defendant has withheld, or will withhold, in response to Plaintiffs' FOIA request may be exempt in whole or in part from public disclosure under FOIA.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice and award Defendant costs and such other relief as appropriate.

//

//

//

Dated:  June 1, 2022                    Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                        By:     */s/ T Anthony Quinn*
                                T. Anthony Quinn
                                Assistant United States Attorney
                                Civil Division
                                601 D Street, NW
                                Washington, D.C. 20530
                                (202) 252-7558
                                Tony.Quinn2@usdoj.gov

                                *Counsel for Defendant*