UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN R. DELLA ROCCA, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Civil Action No. 22-786 (DLF) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO GENUINE DISPUTE AND DEFENDANT'S OPPOSITION TO PLAINTIFFS' STATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to Local Civil Rule 7(h), Defendant United States Postal Service ("Defendant" or "the Postal Service") respectfully submits this statement of material facts for which there is no genuine dispute:

1. By an email, dated January 3, 2022, Plaintiffs submitted a FOIA requesting the following:

> All requests below relate to the following listed contracts during the period **from October 16, 2020 to October 21, 2020**:
>
> **Contract 11736**
> **Contract 17014**
> **Contract 001A1**
> **Contract 117QJ**
>
> Request 1: Complete copies of all contracts.
>
> Request 2: Any and all activity records/reports relating to the above contracts.
>
> Request 3: Any and all cargo information (manifests, weights, types of cargo, etc.) relating to each contract
>
> Request 4: Any and all administrative notes relating to any of the above contracts

> Request 5: Any and all billing information relating to the above contracts (for work done within the time shown above, if any).

2. Plaintiffs' FOIA request was assigned number 2022-FPRO-00595.

3. By letter dated January 20, 2022, the Postal Service issued an initial decision. The Postal Service released redacted contracts, for all those requested, in satisfaction of Request 1. The redactions for the responsive records were pursuant to Exemptions 3, 4, and 6.

4. The Postal Service further responded that the records requested in Request 3 are only maintained for 90 days and as such, the Postal Service is no longer in possession of those records.

5. The Postal Service then notified Plaintiff that his remaining requests, Requests 2, 4 and 5, were overly broad and asked Plaintiff to clarify what records were sought.

6. In an email, dated February 7, 2022, Plaintiffs attempted to clarify its Requests for 2, 4, and 5, by adding the locations of New York and Pennsylvania. Plaintiffs also renewed its request for information in Request 3, by adding the same location data and noting some confusion as to the retention period.

7. Plaintiffs were initially informed that the retention period for such information was 30 days, which was an error that the Postal Service corrected. The proper retention period was 90 days.

8. In a letter, dated April 8, 2022, the Postal Service responded to Plaintiffs informing them that it considered Requests 2, 4, and 5 to still be overly broad because it was still not clear what records were being sought. In this same letter, the Postal Service reiterated that there were no records responsive to Request 3.

9. Plaintiffs did not appeal either the redactions to the records provided, in response to Request 1 on January 20, 2022, or the no records determination made regarding the cargo

manifests that the Postal Service determined were destroyed pursuant to its 90-day retention policy.

10. On April 4, 2022, Plaintiffs initiated the instant lawsuit.

**DURING THE COURSE OF THIS LITIGATION**

11. The Postal Service answered Plaintiffs' complaint on June 1, 2022.

12. On June 17, 2022, Plaintiffs stated that the Postal Service's production with regard to Request 1 was complete. Plaintiffs requested the official retention policy for cargo manifests and indicated a willingness to clarify Requests 2, 4, and 5.

13. The Postal Service explained to Plaintiffs that cargo manifests fall under the category of "carrier network tracking records" and thus "are retained for up to 30 days for mail and up to 90 days for packages and special services." *See* Handbook AS-353, Guide to Privacy, the Freedom of Information Act, and Records Management, § 802.200 (Mail Management and Tracking Activity, Retention and Disposal), available at https://about.usps.com/handbooks/as353/as353apdx_049.htm.

14. On July 22, 2022, Plaintiffs first referenced the OIG report entitled, "Service Performance of Election and Political Mail During the 2020 General Election." Based on the OIG report, Plaintiffs speculated that the Postal Service had records as to the specific contents within a particular container.

15. The Postal Service reached out to Postal Service personnel within the Package Tracking, Surface Visibility and Informed Visibility groups. After a thorough search, the Postal Service produced to the Plaintiffs, on or about September 15, 2022, the more general information, in the form of two spreadsheets, it had about container contents for the contract routes in question. Specifically, the "Containers and Trips" spreadsheet provided container

placard bar codes for the containers on the trucks on the routes on the days that Plaintiffs specified in their FOIA request. The container placard bar codes corresponded with container placard bar codes on the second spreadsheet, the "Container Contents" spreadsheet, which showed the parcel ID codes of the specific pieces of mail in those containers and whether those pieces of mail were (1) parcels, and if a parcel, whether it weighed more than or less than one pound, or (2) an envelope, and if an envelope, whether it was first class or priority mail.

16. As to Requests 2, 4, and 5, after obtaining some clarification from Plaintiffs, the Postal Service reached out to Supply Management, through the Procurement Law Department.

17. After an extensive search, through three branches within Supply Management, the Postal Service, on February 8, 2023, produced all the responsive records it could locate that would address Plaintiffs' clarified Requests 2, 4 and 5. These records consisted of a contract activity log, an email to one of the private carrier about an audit, an amendment to a transportation services contract, a negotiated cost statement, a daily log report, and a highway contract route schedule information document, with redactions that Plaintiff has not challenged.

18. In Plaintiffs' Motion for Summary Judgment, they stated that the OIG Report referenced and exhibited election mail logs that fell within the scope of his FOIA request, but that the Postal Service did not produce.

19. The Postal Service advised Plaintiffs that election mail logs fell outside of the scope of his request, but nevertheless, in an effort to resolve this dispute without further litigation, the Postal Service produced those documents with appropriate redactions.

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' STATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to Local Civil Rule 7(h), Defendant respectfully submits this opposition to Plaintiffs' Statement of Material Undisputed Facts, ECF No. 28-9.

1. On February 8, 2022, the USPS Inspector General released its "closing report" based on the claims of Jesse Morgan, a truck driver who works for a contractor with the USPS ("IG Report").

RESPONSE: Undisputed.

2. The IG Report listed numerous exhibits that were allegedly used in the conclusions arrived at in the IG Report.

RESPONSE: Undisputed.

3. On July 22, 2022, Plaintiffs' counsel sent a copy of the IG Report to US Attorney Anthony Quinn for him to send to USPS counsel.

RESPONSE: Undisputed.

4. USPS never provided additional responsive materials even after being notified by Plaintiffs of the location of responsive materials (in the IG Report).

RESPONSE: Disputed. For the first time, in Plaintiffs' Motion for Summary Judgment, Plaintiffs identified documents that were exhibits to OIG Report that they believed were responsive to their FOIA request. Specifically, Plaintiffs identified the election mail logs found at Exhibits 15, 16, and 37. While the Postal Service did not concede that the election mail logs fell within the scope of Plaintiff's FOIA request (indeed they do not), in an effort to settle the matter without further litigation, Defendants produced Exhibits 15 and 16 in full and redacted substantial portions of Exhibit 37, which contained voters' identifying information and which has not been contested by Plaintiffs. The election mail log issue has been mooted.

5. USPS never provided Plaintiffs with proof of the destruction of responsive documents.

RESPONSE: Disputed. Handbook AS-353, Section 6-5.1, on which Plaintiffs rely for a notice of destruction, is inapplicable as it applies only to records maintained at "an FRC [Federal Records Center] or commercial storage." *See* https://about.usps.com/handbooks/as353/as353c6_015.htm# ep998397. Cargo manifests, however, are stored on site—not at a Federal Records Center or commercial storage—and thus there would be no records disposal notice under § 6-5.1. Cargo manifests are considered "carrier network tracking records" under § 802.200, and thus, are retained for a maximum of ninety days and are then destroyed. *See* Handbook AS-353, *Guide to Privacy, the Freedom of Information Act, and Records Management*, § 802.200 (Mail Management and Tracking Activity, Retention and Disposal), available at https://about.usps.com/handbooks/as353/as353apdx_049.htm (stating that "carrier network tracking records are retained for up to 30 days for mail and up to 90 days for packages and special services"). There is no records disposal notice requirement for such records.

6. USPS never provided Plaintiffs with proof that a search that was reasonably calculated to uncover relevant records had been performed.

RESPONSE: Disputed. Defendants repeatedly sought clarification from Plaintiff and repeatedly reported back about the searches conducted and the results therefrom. Defendant has provided a declaration from Janine Castorina, which sets forth Defendant's search efforts in detail.

Dated: February 28, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ M. Jared Littman*
M. JARED LITTMAN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2523
Jared.Littman@usdoj.gov

*Attorneys for the United States of America*