UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN DELLA ROCCA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Civil Action No. 22-786 (DLF) |

**REPLY IN FURTHER SUPPORT OF
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant the United States Postal Service ("Defendant" or "the Postal Service") respectfully submits this reply in further support of its cross-motion for summary judgment, ECF No. 29 ("Def. Cross-Mot."). In Plaintiffs' Opposition, ECF No. 33 ("Pls. Oppos."), they disregard many of the dispositive arguments that Defendants made in its cross-motion, and, therefore, the Court "may treat those arguments . . . as conceded." *Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *accord Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (upholding enforcement of District Court rule "that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded" (citations omitted)).

First, the Postal Service showed that the October 2020 "cargo manifests" that Plaintiffs sought were no longer available at the time of Plaintiffs' January 2022 FOIA request pursuant to the ninety-day retention policy for such records. Def. Cross-Mot. at 4-5, 6. The Postal Service explained that the destruction was not evidence of bad faith, as it was entirely consistent with

Postal Service policy and, contrary to what Plaintiffs contended, a record disposal notice was not required. *Id.* at 9. Plaintiffs do not address this argument, and, therefore, they have conceded it. *See* Pls. Oppos. Plaintiffs also do not address the related argument about the retention period of election mail logs, Def. Cross-Mot. at 9-10, and, therefore, Plaintiff concede that point too.

Second, the Postal Service demonstrated that its subsequent disclosure of responsive records upon further Plaintiffs' clarification (specifically, the two spreadsheets showing the general container contents for the contract routes in question) is evidence of the Postal Service's good faith, not bad faith. Def. Cross-Mot. at 5 (citing *Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986)). Plaintiffs do not address this argument, let alone grapple with the D.C. Circuit precedent that supports Defendant's position. Therefore, Plaintiffs have conceded it.

Third, the Postal Service showed that Plaintiffs' request for "administrative notes" as encompassing election mail logs was faulty because Plaintiffs' interpretation of that term to include any notes "administratively maintained" would fall well beyond an agency's reasonable search obligations. Def. Cross-Mot. at 8 (citing *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (request must allow the agency "to determine precisely what records are being requested"); *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) ("[b]road, sweeping requests lacking specificity are not sufficient")). Plaintiffs did not address this argument. Therefore, they have conceded that their request for "administrative notes" did not obligate the Postal Service to search for election mail logs.

Fourth, the Postal Service explained that Plaintiffs' FOIA requests were keyed to certain agreements between the Postal Service and private carriers to cover particular routes, and the election logs, in contrast, are associated with a particular sorting facility, not a particular contract

or truck route.  Def. Cross-Mot. at 8.  Plaintiffs have brushed this argument aside too, and, thus, they have conceded it.

Fifth, Defendant explained that, although it had no obligation to provide the election mail logs because they do not fall under the scope of Plaintiffs' FOIA requests, the Postal Service did, in fact, disclose them to the extent they were not exempt under FOIA, and thus, the issue is moot. Def. Cross-Mot. at 8-9 (citing *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("because the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action"); *Drake v. FAA*, 291 F.3d 59, 67 (D.C. Cir. 2002) (holding that disclosure mooted FOIA dispute); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (FOIA dispute mooted when agency produces requested record)).  Plaintiffs did not respond to the mootness argument, and, thus, they have conceded it.

Plaintiffs have conceded these arguments, and on this basis alone, the Court should grant summary judgment for Defendant.  Instead of addressing these matters, Plaintiffs resort to self-serving "speculative claims about the existence and discoverability of other documents," which does not overcome the good-faith presumption that is afforded to the declaration of Janine Castorina, the Postal Service's Chief Privacy and Records Management Officer, ECF No. 29-1. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Defendant did not limit its search or withhold documents based on "semantics" regarding the meaning of "cargo manifests" in Request 3.  Pls. Oppos. at 3.  Rather, Ms. Castorina explained that the "cargo manifests" from October 2020 were only maintained for ninety days, and thus, were no longer available as of early 2021, well before Plaintiffs' January 2022 FOIA request. Castorina Decl. ¶¶ 7, 8, 21.  Further, after Plaintiffs redefined Request 3 as seeking "records as to the specific contents within a particular container," which the Postal Service did not have, the

Postal Service was able to provide to Plaintiffs two spreadsheets showing, more generally, the container contents for the contract routes in question. Castorina Decl. ¶¶ 15, 16. Thus, nothing was withheld because of a squabble over "semantics," contrary to what Plaintiffs contend.

Although Plaintiffs do not contest that the Postal Service produced the election mails logs and the issue is moot, they nevertheless argue that the Postal Service should have produced them earlier because the logs "clearly contain information about the cargo of the trucks arriving and leaving the locations identified by Plaintiffs," and thus, fall under their request for "cargo information." Pls. Oppos. at 4. This is inaccurate. The Postal Service explained why Plaintiffs' understanding of election mail logs as containing information about the trucks carrying the election mail (or even the destination of the mail) was mistaken. Def. Cross-Mot. at 7. Election mail logs are not tied to pieces of mail "being transported by the truck," but rather, the logs describe the election mail that arrives at a sorting facility "to account for the clearance of election mail," where it is then sorted for distribution. Castorina Decl. ¶¶ 27-28. The logs do not depict the destination of the mail, let alone the truck that will carry it, as Plaintiff wrongly presumes. "The logs detail the receipt of election mail, including the date of receipt at the location, the source of the election mail, and the disposition of the mailing." *Id.* ¶ 28. The logs "are not associated with any shipping or trucking contracts." *Id.* ¶ 30. The Postal Service has attached the election mail logs to show that Plaintiff is incorrect as to their contents. Ex. 1 (Lancaster, Pennsylvania election mail log); Ex. 2 (Harrisburg, Pennsylvania election mail log).

Lastly, the Postal Service did not act in bad faith. Pls. Oppos. at 4-5. The Postal Service immediately produced the contracts responsive to Request 1; worked with Plaintiffs to clarify the remaining overbroad and unclear requests; and when Plaintiffs identified the Office of Inspector General report as a possible avenue for responsive information and identified the election mail

logs as information they were interested in, the Postal Service provided Plaintiffs with those logs, even though it was not obligated to do so. Def. Cross-Mot. at 6-10. The Postal Service's additional releases suggest "a stronger, rather than a weaker, basis" for accepting the integrity of the search, and in such circumstances, "allegations of bad faith" should be rejected. *Meeropol*, 790 F.2d at 953.

For these reasons and for the reasons discussed in the Postal Service's cross-motion, the Court should grant summary judgment in Defendant's favor. Ms. Castorina's declaration shows that the Postal Service conducted a reasonable search. Plaintiffs have failed to provide any compelling evidence to rebut the presumption of good faith afforded to her declaration. The Postal Service has gone above and beyond its FOIA responsibilities and is entitled to summary judgment in its favor.

## CONCLUSION

The Court should deny Plaintiffs' motion for summary judgment and grant Defendant's cross-motion for summary judgment.

Dated: May 18, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ M. Jared Littman*
     M. JARED LITTMAN
     PA Bar #91646
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2523

*Attorneys for the United States of America*