UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN R. DELLA ROCCA, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES POSTAL SERVICE,

    *Defendant.*

No. 22-cv-786 (DLF)

# ORDER

Brian Della Rocca, Lawrence Doyle, and John Moynihan (collectively the "plaintiffs") filed this lawsuit alleging that the United States Postal Service ("USPS") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by inadequately searching for records responsive to the plaintiffs' FOIA requests. The plaintiffs sought, among other things, "cargo information" and "administrative notes" relating to contracts for shipping election voting ballots during the 2020 election. Compl. ¶ 12, Dkt. 1. Before the Court are plaintiffs' Motion for Summary Judgment, Dkt. 28, and USPS's Cross Motion for Summary Judgment, Dkt. 29. Because the Court is unable to determine on the existing record whether the search was adequate or whether the USPS acted in good faith, it will deny both motions without prejudice and direct the USPS to file a supplemental declaration.

The plaintiffs submitted five requests for various records related to four shipping contracts. Compl. ¶ 12. The parties agree the USPS satisfied request one. Pl.'s Opp'n to Def.'s Statement of Undisputed Facts, ¶ 3, Dkt. 32-1. The USPS also informed the plaintiffs that the cargo information in request three is only maintained for 90 days and no longer available. *Id.* ¶ 4. Initially, the USPS made a determination that requests two, four, and five, were overly broad. *Id.*

¶ 5.  But the USPS did not merely decline to provide those records; instead it engaged in (apparently) good faith efforts to understand the scope of the plaintiffs' requests through "clarifying conversation[s]."  Decl. of Castorina, ¶¶ 22–23, Dkt. 29-1.  The USPS now argues it fully complied with requests two, four, and five by providing material in response to the clarified inquiries.  *Id.* ¶¶ 22–24.  Because the USPS treated those "clarified" requests as properly narrow, valid requests for information, this Court evaluates them as the operative requests to which the USPS had to respond.

To determine whether the USPS provided complete responses to requests two, four, and five, the Court must first understand the specific nature of those requests and how they differ from the language initially proposed in the plaintiffs' FOIA request.   The Court also needs additional information about how the USPS conducted it search, including why it searched certain departments and records systems and not others.  The sworn declaration from its Chief Privacy and Records Management Officer, Decl. of Castorina, Dkt. 29-1, upon which the USPS relies, does not provide adequate information about either category of information.

The declarations that an agency submits to demonstrate the adequacy of its search for responsive records need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982) (per curiam), but they must "set forth the search terms and the type of search performed with the specificity [D.C. Circuit] precedent requires," *Reporters Comm. for Foreedom of Press v. FBI*, 877 F.3d 399, 403 (D.C. Cir. 2017) (internal quotation marks and alteration omitted).  According to the D.C. Circuit, if "the agency affidavits . . . do not denote which files were searched or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [a plaintiff] to challenge the procedures utilized," then an agency failed to provide sufficient

2

information to demonstrate the adequacy of its search. *Weisberg v. DOJ*, 627 F.2d 365, 371 (D.C. Cir. 1980). The Castorina declaration falls short of this Circuit's standards in two main respects: (1) it does not discuss the scope of the plaintiffs' narrowed request, (2) it fails to explain in detail how the USPS conducted its search, including why it determined that certain departments and record systems, as opposed to others, were most likely to produce responsive documents. *See id*. Although the declaration asserts that the USPS performed a "thorough search," Decl. ¶ 16, it offers "little more than conclusory adjectives" without "sufficient detail for the court itself to determine the search's adequacy." *Morley v. CIA*, 508 F.3d 1108, 1121 (D.C. Cir. 2007). Elsewhere, Castorina asserts that the USPS conducted an "extensive search, through three branches within Supply Management." Decl. ¶ 18, 24. Again, this amounts to a "glib government assertion[] of complete…retrieval." *Perry*, 684 F.2d at 126.

In short, an agency must provide sufficient detail to determine how it searched for relevant records, *see Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), who conducted those searches, *see Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994), and what those searches yielded, *see Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 891 (D.C. Cir. 1995). For a search to be adequate, an agency also must show that is used "methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. Part of that includes explaining why particular departments are likely to produce the requested information and that "no other record system was likely" to do so. *Id.*

The Castorina declaration states that the USPS searched the "Package Tracking, Surface Visibility, and Informed Visibility groups," Decl. ¶ 16, and later expanded its search to "three branches within Supply Management," Decl. ¶ 17–18, 24. But beyond its assertion that records

3

were "most likely to exist" at those locations, Decl. ¶ 20, the USPS provides no detail on why it selected those departments and what made it conclude that records would not be located elsewhere.

Absent further detail, the Court cannot determine whether an issue of material fact exists as to the adequacy of the USPS's search or its good faith. Accordingly, it is

**ORDERED** that the parties' cross-motions for summary judgment are denied without prejudice. It is further

**ORDERED** that by September 24, 2024, USPS shall supplement the record with a declaration that (1) describes the scope of the plaintiffs' narrowed request, and (2) explains in detail how the USPS conducted its search, including why it determined that certain departments and record systems, as opposed to others, were most likely to have responsive documents.

_____
DABNEY L. FRIEDRICH
United States District Judge

August 27, 2024