UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN DELLA ROCCA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | Civil Action No. 22-0786 (DLF) |

**REPLY IN FURTHER SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant the United States Postal Service ("Defendant" or the "Postal Service") respectfully submits this reply in further support of its motion for summary judgment (ECF No. 38, "Def. Mot.").

In the Postal Service's motion for summary judgment, it explained, with ample support from detailed declarations of Janine Castorina, the Postal Service's Chief Privacy and Records Management Officer, that it conducted a reasonable search in response to Plaintiff's Freedom of Information Act ("FOIA") request pertaining to certain contracts between the Postal Service and private carriers. *Id.* Pls. Opp'n, ECF No. 39, disregards many of the dispositive arguments that Defendant made in its motion, and, therefore, the Court "may treat those arguments . . . as conceded." *Hopkins v. Women's Div., General Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); *accord Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) (upholding enforcement of District Court rule "that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded" (citations omitted)). In

particular, Plaintiffs have conceded that: (1) Request 1 for the contracts has been satisfied, Def. Mot. at 3, ECF No. 38; (2) the "cargo manifests" sought in Request 3 were no longer available, consistent with Handbook AS-353, *id.* at 3-4, 11-12; (3) the Postal Service did not have "billing information" sought in Request 5, *id.* at 5; (4) the Postal Service searched for records in the appropriate places and conducted a reasonable search in those places, except as pertains to the Office of Inspector General, *id.* at 5-7; and (5) the Postal Service did provide the election mails logs, and therefore, the issue is moot, *id.* at 11.

Plaintiffs' sole remaining contention is that the Postal Service acted in bad faith because the documents produced were "lacking the specificity" that Plaintiffs believe that the Office of the Inspector General "would have needed to come to the conclusions in its report." Pls. Opp'n at 2, ECF No. 39. Thus, according to Plaintiffs, "it [is] obvious that the Defendant continues to withhold information." *Id.*

Plaintiffs fall well short of meeting the demanding standard to overcome the good faith presumption afforded to Ms. Castorina's detailed declarations. An agency can establish the reasonableness of its search by "reasonably detailed, nonconclusory affidavits describing its efforts," like those provided here. *Baker & Hostetler LLP v. Dep't of Com.*, 473 F.3d 312, 318 (D.C. Cir. 2006). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice[.]" *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). "[T]o overcome the presumption of good faith, the requester carries the burden of offering a concrete basis upon which the court may

conclude that the agency or custodians acted in bad faith." *Heritage Found. v. Dep't of Just.*, --- F. Supp. 3d ---, 2024 WL 3291783, at *6 (D.D.C. July 23, 2024) (cleaned up). "[M]ere speculation that as yet uncovered documents might exist[] does not undermine the determination that the agency conducted an adequate search for the requested records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir 2004).

Here, Plaintiffs speculate that "Defendant continues to withhold information" because, in their view, the Office of Inspector General "would have needed" more "specific[]" information "to come to the conclusions in its report." Pls. Opp'n at 2, ECF No. 39. Plaintiffs have not even set forth what "conclusions" in the Office of Inspector General report that they view as unsubstantiated by the documents provided, let alone satisfy their burden of providing a "concrete basis" for their unwarranted allegations of bad faith. *Heritage Found.*, 2024 WL 3291783, at *6. Plaintiffs have provided no evidence—declarations or otherwise—to satisfy their burden, and thus, have failed to rebut the good faith presumption afforded to Ms. Castorina's declarations. "[M[ere speculation that as yet uncovered documents might exist" is not enough to establish bad faith. *Wilbur*, 355 F.3d at 678.

To the extent Plaintiffs intend to argue that the Postal Service did not provide records that would have substantiated the conclusion in the Office of Inspector General report that the mail contents of the trailer in question were packages, not letters or ballots, Plaintiff is incorrect. As Ms. Castorina explained, the Postal Service produced to Plaintiffs, on or about September 15, 2022, two spreadsheets about the general container contents for the contract routes in question, although the Postal Service does not have records as to the specific contents within a particular container. Am. Suppl. Castorina Decl. ¶ 21, ECF No. 38-2. Specifically, the "Containers and Trips" spreadsheet provided container placard bar codes for the containers on the trucks on the

routes on the days that Plaintiffs specified in their FOIA request. *Id.* The container placard bar codes corresponded with container placard bar codes on the second spreadsheet, the "Container Contents" spreadsheet, which showed the parcel ID codes of the specific pieces of mail in those containers and whether those pieces of mail were: (1) parcels, and if a parcel, whether it weighed more than or less than one pound, or (2) an envelope, and if an envelope, whether it was first class or priority mail. *Id.* The fact that the Postal Service produced this information to Plaintiff is undisputed. Pls. Resp. to Stmt. of Facts ("Pls. 2d Stmt.") ¶ 30, ECF No. 39-1. Therefore, the Postal Service has furnished to Plaintiffs documentation as to the contents of the truck in question to the extent it is able to identify the contents, namely, parcels (packages) and not flat mail (letter or ballots). To the extent that Plaintiffs believe that the Postal Service has or should have more specific information, Ms. Castorina was explicit: "the Postal Service does not know the specific contents of a particular container." Am. Suppl. Castorina Decl. ¶ 20, ECF No. 38-2.

It is inaccurate for Plaintiffs to say that Defendants were "pushed" to seek the election mail logs or were trying to "hide" anything. Pls. Opp'n at 6, ECF No. 39. Plaintiffs and undersigned counsel conferred about the specific exhibits from the Office of Inspector General report that they sought. Ex. 1 (Email of Jan. 22, 2024). Plaintiffs identified the election mail logs, specifically Exhibits 15, 16, and 37. *Id.* Even if the election mails logs were responsive to Plaintiff's FOIA request for information related to certain contracts, which they are not, Def. Mot. at 9-11, ECF No. 38,[1] Plaintiffs do not dispute that Defendant produced the election mail logs. Pls. Resp. to

---

[1] Plaintiffs state that Defendant does "not clearly state that the election mail logs are not relevant to the contracts in Plaintiffs' request." Pls. Opp'n at 4, ECF No. 39. This is inaccurate. As Ms. Castorina explained, the logs "are not a contractual item," ECF No. 29-1 (Castorina Decl.) ¶ 30, and thus, do not fall within the scope of Plaintiffs' contract-specific FOIA request related to agreements between the Postal Service and private carriers to cover specific routes. *Id.* ¶ 5 ("All requests . . . relate to the followed listed contracts"). Election mail logs are not tied to pieces of mail being transported by the truck, but rather, the logs describe the election mail that arrives at a

Stmt. of Facts ("Pls. 1st Stmt.") ¶ 19 ECF No. 32-1. The Postal Service's additional releases suggest "a stronger, rather than a weaker, basis" for accepting the integrity of the search, and in such circumstances, "allegations of bad faith" should be rejected. *Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986).

If Plaintiffs want to seek additional information from the Office of Inspector General specifically, they must submit a request to the Office of Inspector General's FOIA Requester Service Center. 30 C.F.R. § 265.3(a). At this point, Plaintiffs are alleging manufactured and baseless Office of Inspector General findings, without even having requested from the Office of Inspector General the unredacted report and full catalogue of exhibits. Plaintiffs' speculation that the Office of Inspector General "would have needed" more "specific[]" information "to come to the conclusions in its report," Pls. Opp'n at 2, ECF No. 39, falls far short of providing a "concrete basis" for their bad faith allegations against the Postal Service. *Heritage Found.*, 2024 WL 3291783, at *6.

Lastly, the Court should reject Plaintiffs' request to allow them "to seek the information requested from the government contractors themselves." Pls. Opp'n at 7, ECF No. 39. Only Executive agencies are subject to FOIA. 5 U.S.C. § 552(f)(1). "Congress excluded private grantees from FOIA disclosure obligations by excluding them from the definition of 'agency.'" *Forsham v. Harris*, 445 U.S. 169, 179 (1980).

For these reasons and for the reasons discussed in the Postal Service's motion, the Court should grant summary judgment in Defendant's favor. Ms. Castorina's declarations show that the

---

sorting facility "to account for the clearance of election mail," where it is then sorted for distribution. Castorina Decl. ¶¶ 27, 28, ECF No. 29-1. The logs do not depict the destination of the mail, let alone the truck that will carry it. "The logs detail the receipt of election mail, including the date of receipt at the location, the source of the election mail, and the disposition of the mailing." *Id.* ¶ 28. The logs "are not associated with any shipping or trucking contracts." *Id.* ¶ 30.

Postal Service conducted a reasonable search. Plaintiffs have failed to provide any compelling evidence to rebut the presumption of good faith afforded to her declaration. The Postal Service has gone above and beyond its FOIA responsibilities and is entitled to summary judgment in its favor.

## CONCLUSION

For these reasons, and those set forth in Defendant's moving papers, the Court should grant Defendant summary judgment.

Dated: December 2, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ M. Jared Littman*
M. JARED LITTMAN, PA Bar #91646
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*