UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN DELLA ROCCA, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES POSTAL SERVICE,

    *Defendant.*

No. 22-cv-0786 (DLF)

**MEMORANDUM OPINION AND ORDER**

    Plaintiffs Brian Della Rocca, Lawrence Doyle, and John Moynihan bring this Freedom of Information Act (FOIA) action, *see* 5 U.S.C. § 552, against the United States Postal Service to obtain records related to shipped election ballots during the 2020 election. Am. Compl. ¶ 12, Dkt. 8. The Court previously denied the parties' cross-motions for summary judgment and ordered the Postal Service to supplement the record regarding the search they conducted. Before the Court is the Postal Service's renewed Motion for Summary Judgment, Dkt. 38. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

    The plaintiffs filed a FOIA request with the Postal Service in early 2022. Am. Compl. ¶ 15. They submitted five requests for various records related to four shipping contracts. *Id*. ¶ 17. Among other things, they sought "cargo information" and "administrative notes" relating to contracts for shipping election voting ballots during the 2020 election. *Id.* The parties agree the Postal Service satisfied request one. Pl.'s Opp'n to Def.'s Statement of Undisputed Facts, ¶ 3, Dkt. 39-1. The Postal Service also informed the plaintiffs that the cargo information in request three is only maintained for 90 days and no longer available. *Id.* ¶ 4. The plaintiffs did not appeal

the Postal Service's determination for request three. *Id.* ¶ 9. Initially, the Postal Service believed that requests two, four, and five, were overly broad. *Id.* ¶ 5. After engaging in conversations to clarify the scope of the remaining three requests, *id.* ¶¶ 14–18, the Postal Service conducted searches for the narrowed information, *id.* ¶ 29. In particular, the plaintiffs were interested in documents that the Postal Service's Office of Inspector General (OIG) relied on to produce a report on 2020 election mailed ballots. *Id.* ¶ 20. After receiving documents, the plaintiffs were still not satisfied, and both parties moved for summary judgment. Dkts. 28, 29. The Court denied both motions and ordered the Postal Service to submit a supplemental declaration providing further details on its search methods and the scope of the request. *Della Rocca v. USPS*, No. 22-cv-786 (DLF), 2024 WL 4459375, at *2 (D.D.C. Aug. 27, 2025). The Postal Service now renews its motion for summary judgment.

## II. LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Materiality is, of course, a function of the applicable legal standard, which in this case is that an agency responding to a FOIA request must conduct a search reasonably calculated to uncover all relevant documents, and, if challenged, must demonstrate beyond material doubt that the search was reasonable." *Kowalczyk v. DOJ*, 73 F.3d 386, 388 (D.C. Cir. 1996) (citation modified). All facts and inferences must be viewed in the light most favorable to the requester and the agency bears the burden of showing that it complied with FOIA. *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009).

To meet this standard, a federal agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements." *Nat'l Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973). The agency "must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "[F]ederal courts . . . rely on government affidavits to determine whether the statutory obligations of the FOIA have been met." *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982) (per curiam). The agency's affidavit is accorded a presumption of good faith, *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation modified), and "[s]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith," *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (citation modified). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

**III.     ANALYSIS**

The plaintiffs challenge the adequacy of the Postal Service's search. Courts apply a two-step framework to evaluate the adequacy of an agency's FOIA search. First, the agency must show that its search was reasonable, meaning it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Watkins L. & Advoc., PLLC v. DOJ*, 78 F.4th 436, 442 (D.C. Cir. 2023) (citation modified). Agencies "submit declarations that denote which files were searched and by whom those files were searched" and must prove they took a reasonable "systematic approach to

document location." *Heartland All. for Hum. Needs & Hum. Rts. v. USCIS*, 406 F. Supp. 3d 90, 110 (D.D.C. 2019) (citation modified). If the agency carries its burden of showing reasonableness, at step two, "the burden shifts to the FOIA requester to produce countervailing evidence suggesting that a genuine dispute of material fact exists as to the adequacy of the search." *Id.* (citation modified). The requester must "rebut" the agency's showing of reasonableness with any "evidence . . . showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996).

  **A.** **Reasonableness**

  To establish the reasonableness of their search, the Postal Service provided a supplemental declaration of Janine Castorina, the Chief Privacy and Records Management Officer for the Postal Service. Am. Castorina Decl. ¶ 3, Dkt. 38-2. The supplemental declaration addresses the gaps the Court identified in its previous order. Order of Aug. 27, 2024, at 3, Dkt. 35. It explains the Postal Service's clarified understanding of the scope of plaintiffs' second, fourth, and fifth requests. Am. Castorina Decl. ¶ 18. Castorina's declaration also describes the Postal Service's Package Tracking, Surface Visibility, and Informed Visibility computer systems in thorough detail. *Id.* ¶ 20. It further explains that those three departments "track mailable matter and packages," *id.* ¶ 21, and are the only departments likely to contain documents responsive to the plaintiffs' request, *id.* ¶¶ 20–21. And it makes clear that the Postal Service searched for the specific contract numbers listed in the FOIA request, *id.* ¶¶ 21, 24, and located truck bar codes and parcel ID codes which identified whether the pieces of mail in the relevant shipments were parcels or envelopes, first class or priority, and their weight*, id.* The Postal Service has met its burden of producing a "reasonably detailed affidavit" describing its search process. *See Hunton & Williams LLP v. EPA*, 248 F. Supp. 3d 220, 236 (D.D.C. 2017).

The plaintiffs have not offered any countervailing evidence raising doubts about the adequacy of the Postal Service's search. Instead, they argue "it [is] obvious" that the Postal Service is withholding records because the produced documents are "lacking the specificity" needed for the OIG report. Pl.'s Br. at 2, Dkt. 39. But pure speculation is not rebuttal. *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 241 F. Supp. 3d 14, 22 (D.D.C. 2017). Simply because a search fails to produce responsive materials does not mean that the search was inadequate. *See SafeCard*, 926 F.2d at 1201; *see also Kalmin v. Dep't of Navy*, 605 F. Supp. 1492, 1496 (D.D.C. 1985) (noting the "possibility that certain evidence may be suspect" is not "proof that it is wrong" and cannot avert summary judgment in the FOIA context). And the plaintiffs offer no reason to distrust the agency's sworn statement that "the Postal Service does not know the specific contents of a particular container," Am. Castorina Decl. ¶ 20. *See Wilbur v.* CIA, 355 F.3d 675, 678 (D.C. Cir. 2004) ("[T]he agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.").

The plaintiffs further object to the Postal Service's search on the grounds that the agency never requested information from OIG. Pl.'s Br. at 2. But the agency had already provided the election mail logs that the OIG report relied on. Castorina Decl. ¶ 19, Dkt. 29-1. And the Postal Service confirmed it does not keep the additional documents that the plaintiffs hypothesized were sources for the OIG report. Am. Castorina Decl. ¶ 19. Castorina confirmed that no other department, which would include OIG, would have any records regarding container contents. *Id.* ¶ 21.

In short, the plaintiffs' arguments amount to an assertion that OIG must have relied on other documents. *See* Pl.'s Br. at 2. But "speculation that as yet uncovered documents may exist"

5

is insufficient to rebut the "presumption of good faith" afforded to the Postal Services after searching in the relevant department for records on the contracts the plaintiffs identified. *SafeCard*, 926 F.2d at 1200–01 (citation modified).  The plaintiffs have failed to produce evidence showing a genuine dispute of material fact.  And the record shows that the Postal Service "made a good faith effort to conduct a search for the requested records, using methods which [could] be reasonably expected to produce the information requested."  *Reps. Comm. for the Freedom of the Press v. FBI*, 877 F.3d 399, 402 (D.C. Cir. 2017) (citation modified).

### B. Bad Faith

The plaintiffs also cannot demonstrate that the Postal Service acted in bad faith.  The only support they muster relates to the dispute over the election mail logs.  During initial conversations to narrow the scope of requests two, four, and five, the plaintiffs brought up the OIG report.  At the time, the Postal Service declined provide the election mail logs, arguing they were not included in the scope of the requests.  Castorina Decl. ¶ 30.  According to the plaintiffs, the Postal Service also told them that OIG relied on the documents already provided to the plaintiffs and OIG "sort of backed into" its conclusions.  *See* Pl's Br. at 2, 5.  The significance of this particular statement is unclear, but regardless of its meaning, it does not suggest that the Postal Service engaged in bad faith.  The agency has consistently maintained that the election mail logs did not fit within the original FOIA request.  *See* Email of January 22, 2024, Ex. 1, Dkt. 40-1; Castorina Decl. ¶ 30.  Thus, its refusal to produce the disputed election mail logs had nothing to do with whether the OIG report relied on those logs.  Moreover, the agency subsequently provided the underlying mail logs to the plaintiffs.  The Postal Service's continual efforts to work collaboratively with the plaintiffs to seek to understand their requests and to provide additional documents evince good faith, *see*

6

*Meeropol v. Meese*, 790 F.3d 942, 953 (D.C. Cir. 1986), and the plaintiffs have failed to show the contrary.

## CONCLUSION

For the foregoing reasons, the Court will grant the Postal Service's Motion for Summary Judgment. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is instructed to close the case. This is a final appealable order.

**SO ORDERED.**

                                                                                     _____
                                                                                     DABNEY L. FRIEDRICH
                                                                                     United States District Judge

July 1, 2025